UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ABIODUN SOWEWIMO, <br><br> Petitioner, <br><br> v. <br><br> CHARLES HENSLEY,[1] Warden, Menard Correctional Center, <br><br> Respondent. | No. 04 C 6415 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Following a bench trial, a Cook County, Illinois trial court found Petitioner Abiodun Sowewimo guilty on June 1, 1993 of two counts of aggravated sexual assault, aggravated unlawful restraint, stalking, aggravated stalking, attempted first degree murder, and aggravated discharge of a weapon. The court sentenced Petitioner to a total of 65 years in prison. Petitioner appealed to the Illinois Appellate Court, which vacated the convictions for stalking and aggravated discharge of a firearm because they constituted lesser included offenses of the convictions for aggravated stalking and attempted murder, but otherwise affirmed the trial court's findings on October 27, 1995. *People v. Sowewimo*, 276 Ill. App. 3d 330, 657 N.E.2d 1047 (1st Dist. 1995). The Illinois Supreme Court denied Petitioner's leave to appeal on April 3, 1996. *See People v. Sowewimo*, 166 Ill. 2d 551, 664 N.E.2d 646 (Table) (1996).

On August 20, 1996, Petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County. The court dismissed that petition on June 17, 1999 and the Illinois Appellate Court affirmed the trial court's judgment on January 28, 2002. (*See* Order dismissing petition for post-conviction relief, and *People v. Sowewimo*, No. 1-99-2359 (Ill. App. Ct. 1st Dist. Jan. 28, 2002),

---

[1] The caption incorrectly names Respondent as Charles Hensley; the correct spelling of his last name is Hinsley.

Exhibits C and D to Respondent's Motion to Dismiss.) The Illinois Supreme Court denied Petitioner leave to appeal on October 7, 2003. (See *People v. Sowewimo*, No. 93401, Exhibit E to Respondent's Motion to Dismiss.)

On October 5, 2004, Petitioner filed a petition for habeas relief with this court, incorporating by reference thirteen claims from his earlier briefs on direct appeal and his petitions for post-conviction relief. Respondent Charles Hinsley, Warden of the Menard Correctional Center where Petitioner is incarcerated, has moved to dismiss the petition as untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). For the reasons set forth here, the motion is granted.

## DISCUSSION

### A. Statute of Limitations

AEDPA imposes a one-year statute of limitations for filing § 2254 petitions for habeas relief, which runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). The Illinois Supreme Court denied Petitioner's petition for leave to appeal on direct review on April 3, 1996. Petitioner then had 90 days until July 2, 1996 to file a petition for certiorari with the United States Supreme Court, though he chose not to do so. See *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (period for seeking review under § 2244(d)(1)(A) includes the 90-day period for filing a writ of certiorari, regardless of whether a petitioner chooses to avail himself of that opportunity). The statute of limitations clock thus began running on July 3, 1996.

The clock continued running for 48 days until August 20, 1996, the date on which Petitioner filed a petition for post-conviction relief. The clock was then tolled until October 7, 2003, when the Illinois Supreme Court denied Petitioner's petition for leave to appeal the trial court's decision on

2

collateral review. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") The clock began running again on October 8, 2003, but Petitioner did not file his habeas petition until October 5, 2004, nearly one full year after his state collateral review was complete. The petition before this court was filed on day 412, well beyond the one-year time limit set forth in § 2244(d).

Petitioner argues that his petition is timely because the statute of limitations is tolled for the 90-day period during which Petitioner could have filed a petition for writ of certiorari to the United States Supreme Court relating to his petition for post-conviction relief. (Petitioner's Reply to Motion to Dismiss, at 1-2.) The Seventh Circuit has made clear, however, that § 2244(d) "is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for *certiorari* review in the United States Supreme Court." *Gutierrez v. Schomig*, 233 F.3d 490, 490-91 (7th Cir. 2000). *See also Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004).

## B. Equitable Tolling

Petitioner next argues that the statute of limitations should be equitably tolled[2] because his attorney miscalculated the filing date and because Petitioner, "during important times, was mentally ill and delusional." (Petitioner's Reply to Motion to Dismiss, at 1.) "Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon*, 384 F.3d at 887. The negligence of Petitioner's attorney in miscalculating the filing date and providing Petitioner with inaccurate information in that regard is not considered "extraordinary" for purposes of equitable tolling. *See Modrowski v. Mote*, 322 F.3d 965, 967-68

---

[2] In his Response to State's Reply Memorandum, Petitioner urged the court to delay its ruling on the equitable tolling issue pending the Supreme Court's decision in *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005). That case, decided on April 27, 2005, does nothing to assist Petitioner here. *See id.* (finding petitioner's post-conviction petition untimely and declining to equitably toll the statute of limitations because petitioner did not exercise due diligence in pursuing his rights).

3

(7th Cir. 2003) ("[A]ttorney negligence is *not* grounds for equitable tolling.") (emphasis in original). As the Seventh Circuit explained, "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* at 968 (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)). *See also Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("[T]he attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'")[3]

Petitioner claims that equitable tolling nonetheless applies here because he has a history of mental illness. (Petitioner's Reply to Motion to Dismiss, at 4.) "[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (emphasis in original). To overcome the limitations barrier, Petitioner "must show at least that he was incapable of preparing and filing a habeas petition" while the limitations period was in effect. *United States ex rel. Kennedy v. Page*, No. 99 C 6067, 1999 WL 1044829, at *2 (N.D. Ill. Nov. 16, 1999).

The evidence submitted by Petitioner does not support his claim of mental illness sufficient to invoke the doctrine of equitable tolling. A September 27, 2001 Mental Health Evaluation form does state that Petitioner has a "[h]istory of paranoid schizophrenia," but similar forms dated September 17, 2002, October 15, 2002, November 25, 2002, January 3, 2003, and January 29, 2003 all indicate that Petitioner has "[n]o mental disorder." (Exhibits 12-17 to Petitioner's Response to Motion to Dismiss.) Petitioner notes that a March 24, 2004 Mental Health Segregation Review form states that he was "hearing voices," but a Mental Health Evaluation form dated the following

---

[3] Petitioner asks the court to disregard the majority opinion in *Coleman* and instead follow the dissenting view that "the Court's determination that ineffective assistance of counsel cannot constitute cause of a procedural default in a state postconviction proceeding is patently unfair." 501 U.S. at 774. Petitioner has not presented any compelling reason for this court to reject binding Supreme Court precedent, and it declines to do so here.

4

day and signed by psychiatrist N. Vallabhaneni on April 26, 2004 indicates "[n]o mental disorder." (Exhibits 18, 19 to Petitioner's Response to Motion to Dismiss.) Finally, a July 29, 2004 Mental Health Segregation Review form states, "No acute distress reported or observed. There is no indication of any mood or thought disorder which would necessitate removal from inmate's current segregation housing placement." (Exhibit 20 to Petitioner's Response to Motion to Dismiss.)

None of these documents in any way suggests that Petitioner was incapable of filing and preparing a habeas petition during the limitations period. Significantly, Petitioner drafted five letters to his attorney between February 12 and September 19, 2004 inquiring about the status of that petition. (Exhibits 1, 3, 5, 7, 10 to Petitioner's Response to Motion to Dismiss.) In most of those letters, Petitioner specifically discusses his legal rights. In the February 12, 2004 letter, for example, Petitioner notes that "the time it took to file the post conviction is subtracted off the habeas corpus due date." (Exhibit 1 to Petitioner's Response to Motion to Dismiss.) In a May 23, 2004 letter, Petitioner advises his attorney that he was "writing you this letter to give you the following information even though I do not know if you need it: Public Act 89-688 violates the single-subject rule of the Illinois Constitution." (Exhibit 5 to Petitioner's Response to Motion to Dismiss.) In an August 1, 2004 letter, Petitioner inquires whether his attorney has heard of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004). (Exhibit 7 to Petitioner's Response to Motion to Dismiss.) Finally, Petitioner's September 19, 2004 letter states that he "just cannot understand why you have not filed my habeas corpus petition all this time, and when you will file it and the reason for you not filing it all this time, and why you waiting to file it a month or two month before the deadline expires." (Exhibit 10 to Petitioner's Response to Motion to Dismiss.)

It is clear that Petitioner was fully aware of his legal rights with respect to filing a habeas petition and there is no evidence that he was incapable of acting upon those rights during the limitations period. Relying on *Ake v. Oklahoma*, 470 U.S. 68 (1985), Petitioner nevertheless argues that the court should appoint an expert to evaluate his mental state. (Petitioner's Response to

State's Reply Memorandum, at 4-5.) In *Ake*, the Supreme Court held that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one." *Id*. at 74. The court does not see the relevance of this decision, which has nothing to do with equitable tolling or a petitioner's rights on habeas review.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (Docket No. 8) is granted. Petitioner's petition for a writ of habeas corpus is dismissed as untimely.

ENTER:

Dated: June 8, 2005

REBECCA R. PALLMEYER
United States District Judge